

# NUMBER 13-20-00037-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MICHELLE NOVARK,** **Appellant,**

**v.**

**LG ASSET, LLC,** **Appellee.**

---

### On appeal from the County Court at Law
### of Walker County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant filed an appeal of an eviction judgment entered on December 18, 2019.[1]

On January 23, 2020, the Clerk of this Court notified appellant that her notice of appeal

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to an Order from the Supreme Court of Texas dated December 20, 2019, Misc. Docket No. 19-9120. *See* TEX. GOV'T CODE ANN. § 73.001.

was defective, a docketing statement was due in fifteen days, and a filing fee of $205 was past due and due to this court in ten days.

On February 10, 2020, the Clerk of the Court attempted to call appellant on the phone number provided on the Notice of Appeal and the phone message indicated it cannot accept calls at this time. On February 14, 2020, the district clerk, Kari A. French, notified this Court that appellant could not be located, and appellant failed to make arrangements for payment of the clerk's record. On February 14, 2020, the Clerk of this Court notified appellant of the failure to make payment arrangements. Appellant was also notified if arrangements were not made within ten days from the date of receipt of the notice, the appeal would be dismissed for want of prosecution.

On February 24, 2020, the first letter to appellant, dated January 23, 2020, was returned and labeled as "return to sender, vacant, unable to forward".

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, and fax number, if any." *See* TEX. R. APP. P. 9.1(b). Appellant has neither provided this court with a forwarding address nor taken any other action to prosecute this appeal.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(b), (c). Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision. *See id.* R. 2. Given the length of inactivity in this appeal and this court's inability to give effective notice to appellant during the period of inactivity, we suspend Rule 42.3's

2

requirement of ten days' notice to all parties and DISMISS THE APPEAL FOR WANT OF

PROSECUTION on our own motion. *See* TEX. R. APP. P. 42.3(b), (c).

LETICIA HINOJOSA
Justice

Delivered and filed the
12th day of March, 2020.